AXEL LOFGREN and Others, Appellants, v. THE PROTANE CORPORATION, etc., Respondent.— Judgment affirmed, with costs. All concur, except Harris and McCurn, JJ., who dissent and vote for reversal in the following memorandum: The following facts, if they exist, may be proven under the complaint as now before us: The explosion came about through the negligence of the agent of the defendant, the chance of such an explosion occurring being known to him and not known to the plaintiffs. The defendant's agent could have warned the plaintiffs of the probability of the explosion, and in not doing so he placed them under a risk of injury that was not normal, or not necessary, to their occupation, nor to the performance of their duties. These facts would give rise to liability on the part of the defendant to the plaintiffs. (*Raymond* v. *Republic Light, Heat & Power Co., Inc.*, 236 App. Div. 880; affd., 262 N. Y. 498; *Meiers* v. *Koch Brewery*, 229 id. 10.) (The judgment dismisses the complaint in an action by volunteer firemen for claimed negligent starting of a fire.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

MICHELE DOSSIERE, Respondent, v. SOCIETA' MARINAI ELENESI PRINCIPE TOMMASO DUCA DI GENOA DI MUTUO SOCCORSO, INC., Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an action under a sickness and accident insurance certificate. The order denies a motion for a new trial.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

PETER J. FRY, Appellant, v. ROCHESTER GAS & ELECTRIC CORP. and EDWARD PARMELE, Respondents.— Judgment and order affirmed, with costs. Memorandum: The question before us turns almost entirely on conflicting testimony of medical experts. There is evidence to support the jury's finding that the serious condition on which plaintiff bases his claim was not caused by the accident for which defendants are responsible. We cannot say that the finding is against the weight of the evidence. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies plaintiff's motion for a new trial on the ground of inadequacy of the verdict.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

ELIZABETH CARTER, Appellant, v. BUFFALO STORAGE AND CARTING COMPANY and GAIL SMITH, Respondents. LOUISE E. CARTER, Appellant, v. BUFFALO STORAGE AND CARTING COMPANY and GAIL SMITH, Respondents. JOSEPH C. CARTER, Appellant, v. BUFFALO STORAGE AND CARTING COMPANY and GAIL SMITH, Respondents.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies a motion by plaintiffs in three automobile negligence actions for a new trial on the ground of prejudice of a juror.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.